UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH JOHNSON,

    Plaintiff,

v.

CASE NO. 2:19-cv-11431
HONORABLE NANCY G. EDMUNDS

OAKLAND COUNTY DEPUTY
SHERIFF and OAKLAND COUNTY JAIL,

    Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT

### I. Introduction

This matter has come before the Court on plaintiff Jeremiah Johnson's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff currently is a state prisoner at the Marquette Branch Prison in Marquette, Michigan. The defendants appear to be unidentified Oakland County deputy sheriffs and the Oakland County Jail.

Plaintiff alleges in his complaint that, between 9:00 p.m. and 10:30 p.m. on November 4, 2016, he was taken to the receiving area of the Oakland County Jail where he was placed in handcuffs and told to stop talking. Two deputies then took him to another room and threw him on the floor. Six individuals in black suits subsequently kicked him repeatedly for about ninety seconds and stomped on him. As a result, his ribs were bruised, he developed migraine headaches, and his wrists and hands became numb. Plaintiff also alleges that, during the entire ninety days that he spent at the jail, people in black suits refused to give him the necessary form for filing a grievance.

Plaintiff sues the defendants in their official capacities for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. He seeks money damages.

## II. Legal Framework

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

2

## III. Analysis

To the extent Plaintiff is suing the Oakland County Jail, his allegations are frivolous because jails are not legal entities susceptible to suit. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Furthermore, as noted above, Plaintiff has sued the unnamed deputy sheriffs who allegedly beat him on November 4, 2016, in their official capacity for money damages. The Supreme Court explained in *Kentucky v. Graham*, 473 U.S. 159 (1985), that

> [o]fficial-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon* [*v. Holt*, 469 U.S. 464, 471-472, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Id.* at 165-166 (emphasis in original).

> "[A] governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation, *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (quoting *Monell, supra,* 436 U.S., at 694, 98 S.Ct., at 2037); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Monell, supra*; *Oklahoma City v. Tuttle,* 471 U.S. 808, 817, 818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *id.,* at 827–828, 105 S.Ct., at 2437, 2438 (BRENNAN, J., concurring in judgment).

*Id.* at 166.

The real party in interest here is Oakland County, the entity that allegedly employed the deputy sheriffs being sued in this action. However, as implied in *Graham*, "[l]iability may be imposed on a county only when a county 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and the purported

3

denial of the [plaintiff's constitutional rights.]" *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010). To show the existence of a [governmental entity's] policy or custom leading to the alleged violation, a plaintiff can identify: (1) the [entity's] legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015).

Plaintiff has not shown the existence of any county legislative enactments or official polices, any action taken by county officials with final decision-making authority, any policy of inadequate training or supervision, or a custom of tolerance or acquiescence of federal violations. Therefore, the allegations in the complaint do not support a theory of county liability.

## IV. Conclusion

Although Plaintiff has raised serious allegations, his complaint lacks an arguable basis in law. Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim for which relief can be granted. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
Dated: August 8, 2019   UNITED STATES DISTRICT JUDGE